No. 21,472.

REMIGI RICARDO (F. B. WHEELER and C. A. MCNEILL, *Appel-
lees*), v. CENTRAL COAL & COKE COMPANY et al.   (D. G.
SMITH, *Appellant*).

### SYLLABUS BY THE COURT.

1. ATTORNEY'S LIEN—*Application for Allowance—Affidavits as Evidence.*
   An application for the distribution of a fund against which several
   attorneys' liens are claimed is a motion, and the code permits the use
   of affidavits at the hearing thereof.

2. SAME—*Evidence—Affidavits—Cross-examination of Affiants.* An at-
   torney whose claim of lien is denied at such a hearing, because the
   court is convinced from his own testimony that he has performed no
   services entitling him thereto, has no standing to complain of the re-
   fusal to allow him to cross-examine the makers of affidavits used in
   behalf of other claimants.

Appeal from Cherokee district court; JAMES N. DUNBAR,
judge. Opinion filed December 8, 1917. Affirmed.

*D. G. Smith*, of Girard, and *S. L. Walker*, of Columbus, for
the appellant.

*F. B. Wheeler*, of Pittsburg, and *C. A. McNeill*, of Columbus,
for the appellee; *Maurice McNeill*, of Kansas City, Mo., of
counsel.

The opinion of the court was delivered by

MASON, J.: Remigi Ricardo sued the Central Coal & Coke
Company on account of injuries received while in its employ.
He recovered a judgment which was reversed upon appeal by
reason of the instructions given and refused, a new trial being
ordered. (*Ricardo v. Coal & Coke Co.*, 100 Kan. 95, 163 Pac.
641.) Up to this point in the litigation he was represented by
F. B. Wheeler, C. A. McNeill and Maurice McNeill. After the
reversal the case was settled for $2,500, which the defendant
paid into court. Claims of attorneys' liens were made by
the attorneys named, and also by D. G. Smith. A hearing was
had upon motions for the distribution of the fund. The court
allowed the claim of Wheeler and the McNeills and denied that
of Smith, who appeals.

Smith contends that he had an oral contract with the plain-
tiff for the handling of the case before the other attorneys had

had any communication with him; that while he took no part in the litigation prior to the reversal of the judgment, the settlement was brought about by his efforts. His contentions are disputed by the plaintiff and the other attorneys. The grounds upon which a reversal is asked are that the court (1) permitted the appellees to introduce affidavits in evidence, the makers of which were present at the time, and (2) refused to allow the appellant to call the affiants for cross-examination.

1. The statute provides that where a judgment upon which an attorney's lien is claimed is paid to the clerk, the court or judge may "on application of any party interested," determine the amount due on the lien, if any, and "make an order for the distribution of said moneys according to the respective rights of the parties." (Gen. Stat. 1915, § 485.) The application referred to conforms to the statutory definition of a motion, being "an application for an order, addressed to the court, or a judge in vacation, by any party to a suit or proceeding, or one interested therein or affected thereby." (Gen. Stat. 1915, § 7460.) The code specifically authorizes affidavits to be used "upon a motion." (Gen. Stat. 1915, § 7254.) It is therefore manifest that no error was permitted in allowing affidavits to be introduced.

2. Where the maker of an affidavit relating to a controverted question of fact material to the decision of a case is present at the hearing, the refusal of the court to allow him to be cross-examined by the opposing counsel might in some cases be regarded as an abuse of discretion, because of its amounting to a rejection of a convenient, effective and usual means of testing the truth of testimony upon which the investigation may turn. But here the trial court expressly stated the reason for disallowing the claim of the appellant to be that it was convinced by his own testimony that he had done nothing to entitle him to a lien. A cross-examination of the witnesses for the appellees might have tended to impair the claim of the other attorneys to a lien, but if the appellant had no lien of his own he had no standing to challenge theirs, and as the court found from his own statements that he was not entitled to a lien he manifestly suffered no prejudice from being denied an opportunity to cross-examine the witnesses or to go more fully into any other question.

The judgment is affirmed.